Justice LEEDS.
On March 2, 2003, Chief Justice Dowty granted Respondents’ Motion for Summary Judgment on the sovereign immunity grounds holding that Cherokee Nation Enterprises (CNE) employees are not “employees” for purposes of Article XII of the Cherokee Constitution (1975).
On May 21, 2003, Petitioner moved for Reconsideration, arguing that LA-12-96 as amended by LA-20-96, Title 52 § CNCA § 1004(4) could not remove CNE employees from the protections of Article XII. We hereby grant petitioners Motion for Reconsideration and hold that Article XII protections are extended to CNE employees.
Discussion
In Holding that CNE employees are entitled to Article XII protections, we rely on a well-established line of cases affording judicial review to CNE employees. See Cantrell v. Cherokee Nation, JAT-97-01; Looney v. Cherokee Nation Bingo Outpost, JAT-96-05; Standingwater v. Cherokee Nation Bingo Outpost, JAT-95-12. This Court sees no reason to depart from prior precedent.
Article XII of the Cherokee Nation Constitution (1975) provides:
No employee, who having served in a position at least one (1) year, shall be removed from employment of the Cherokee Nation except for cause. The employee shall be afforded a hearing by the Judicial Appeals Tribunal under such rules and procedures as may be prescribed by the Council....
Article XII guarantees a hearing in the JAT, but reserves to the Council the authority to legislate procedure. Procedural requirements, including exhaustion of administrative remedies, are permissible. However, the Council is without authority to deny an employee judicial review before the JAT.
The EAPA creates the Employee Appeals Board (EAP) as a preliminary administrative body through which certain employees must proceed prior to presenting their claims to the JAT.[1] At the time the EAPA was enacted, the Council specifically excluded CNE employees from the EAPA’s procedural requirements. This did not, however purport to remove the constitutionally protected rights of CNE employees to receive a hearing in the JAT.
Consistent with this Opinion, March 4, 2003 order is vacated in part. This Court has jurisdiction of CNE employee discharged for cause hearings under Article XII of the Cherokee Nation Constitution of 1975. All other Respondent’s Motion for Summary Judgment are granted.

. Employee Administrative Procedures Act (EAPA), LA-12-96 as amended by LA-20-96, effective in December 1996. When the Council enacted the EAPA, as amended, it defined employees for purposes of the EAPA, as follows:
“Employee” of the "Cherokee Nation” or “Employee” shall mean a person who has been employed by the Cherokee Nation on a regular full-time basis for at least one continuous year immediately prior to the termination of employment. Including such employees who have renewable contracts with the Cherokee Nation. For purposes of employee termination appeals under this act, this term shall not include employees of any corporation of profit or any other business entity owed or operated by the Cherokee Nation, such as, but not limited to Bingo Outpost, Cherokee Nation Enterprises, and Cherokee Nation Industries; no to specialized authorities and entities created by the legislature, such as, but not limited to, the Arkansas Riverbed Trust Authority, (emphasis added)