OPINION

JAMES G. WILCOXEN, Justice.
Plaintiffs are former long standing employees of the Cherokee Nation. They bring suit alleging they were fired for political reasons.[1] They bring claims for *332 violation of their civil rights under the U.S, and Cherokee Constitutions, tribal law and human resources policies and seek relief beyond the traditional claims of reinstatement, back pay and benefits.
Each Appellant has variously presented her claim to the EAB. Each of those cases has been appealed to this Court. Notwithstanding, appellants here make additional claims against the Nation and its officials alleging violations of their civil rights. They argue that Art, XII guarantees them access to the courts. They urge us to find that they are entitled to damages beyond what might be awarded by the EAB.
The sovereign immunity of the tribe cannot be raised to defeat the claims of constitutionally protected tenured employees. Watkins v. Cherokee Nation, JAT 02-01, 5 Am. Tribal Law 1 (2004); Cantrell v. Cherokee Nation, JAT 97-01, 1 Am. Tribal Law 2 (1997). The issue here however is whether it can be invoked by the Tribe to defend itself against broader civil rights claims. The claims of tenured employees before the EAB are limited by 51 CNCA, Sec. 1029 to,
restoration to employment in the same or similar job position, with pay no less than the pay received at the time of termination, and with benefits and back pay retroactive to the date of the termination; and, the employee’s personnel records are adjusted as may be consistent with the action of the Cherokee Nation Administrative Appeals Board or Cherokee Nation Courts. The remedies provided herein shall be exclusive and the Cherokee Nation expressly declines to waive sovereign immunity as to suit for recovery of any form of damages or other type of relief set forth herein.
This Court has upheld the exclusive nature of that relief. Watkins v. Cherokee Nation, JAT 02-01 (2004). The question now becomes, can these employees, who have maintained employment related claims through the administrative appeals board and on to this Court also make claims in the district court for alleged civil rights violations. To put it another way, does Art. XII of the Cherokee Constitution open the Tribe up to unlimited claims of alleged civil rights violations by former employees even though Cherokee law prohibits broader claims.
The relief afforded by Art. XII cannot be read to open the Cherokee Nation up to claims beyond those typically considered by the EAB. Consistent with past precedent, the sovereign immunity of the Tribe has not been waived by Art. XII for all claims. There is nothing in the history of the adoption of the 2003 Constitution to suggest that the sovereign immunity of the tribe has been waived to allow claims for alleged civil rights violations or that a tenured employee can bring multiple claims arising from their employment status. Here these employees have each had their claims heard by the EAB with appeals to this Court. Tribal officials who are sued are protected by sovereign immunity in their official capacities. Suits against them in their individual capacities also do not lie because the actions taken by these officials were taken as tribal officials. By comparison, the federal officials acting under color of federal law are not subject to suit for alleged civil rights violations absent authorization from Congress. Nicholson v. Johanns, 511 F.Supp.2d 1193 (2007). There must first be a waiver of sovereign immunity permitting suits of *333 this nature. There is no evidence to support claims against them in their individual capacities.
Therefore, the district court is sustained as to its determination that the sovereign immunity of the Cherokee Nation prevents suits for alleged civil rights violations. Notwithstanding, these employees also make a claim under L.A, 13-04, The Public Integrity and Whistleblower Act of 2004. That act does provide for remedies in the district court. Therefore those claims are remanded to the district court for further findings relevant to that Act.
Concurring: DARRELL DOWTY, Chief Justice, JOHN C. GARRETT, Justice, TROY WAYNE POTEETE, Justice.

. This opinion addresses the claims of all Appellants here, however, for the reasons *332 stated in Olaya v. Cherokee Nation, SC-2012-01; the claims of Felicia Otaya have previously been considered.